IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER, | |
| Plaintiff, | 4:20CV3118 |
| vs. | |
| ABBY OSBORN, Legal Council; MENTAL HEALTH BOARD OF LINCOLN, NE, PRESCOTT PLACE, CARLA HILL, JERAMY HILL, SETH JACKSON HABBOTS, MELISSA BLAKEMORE, ACN AUTISM CENTER OF NEBRASKA, TAYLOR DARO, EFN EXTENDED FAMILIES OF NEBRASKA, MAGIS, NICHOLAS, JEVON WOODS, TONY GREEN, DHHS, DDS; COURTNEY MILLER, DHHS, DDS; STACY WORTH SWINNY, LRC Lincoln Regional Center; ANNE TAPLEY, LIMHP, Williamsberg Psychology; DOANE UNIVERSITY CRETE, NEB, PETE ALMOND, Professor; AUSTIN BAZIL, RUSTY MILLER, CAPITOL CITY CHRISTIAN CHURCH, LINCOLN POLICE DEPARTMENT, VOCATIONAL REHABILITATION CENTER, JERRI BRIAN, ETHAN BROWN, ROSE, LINCOLN, NE. CITY LIBRARIES, JEVON WOODS, OMAHA POLICE DEPARTMENT, LASTING HOPE RECOVERY CENTER, OMAHA DOUGLAS COUNTY JAIL, MENTAL HEALTH BOARD OF DOUGLAS COUNTY, NE, OMAHA CITY LIBRARIES, OMAHA STEPHEN CENTER SHELTER FOR THE | MEMORANDUM AND ORDER |

HOMELESS, OMAHA COUNTY SHERIFFS DEPT., LINCOLN, NE PUBLIC SCHOOLS, LINCOLN, NE HIGH SCHOOL, LINCOLN, NE SOUTHEAST HIGH SCHOOL, LINCOLN LIGHTHOUSE YOUTH CEN., LINCOLN CORRECTIONAL CENTER, DEPT. HEALTH AND HUMAN SERVICES, TECUMSHA STATE CORRECTIONAL INST., NEBRASKA DEPARTMENT CORRECTION SERV., LANCASTER COUNTY CORRECTIONS 2009, SGT. HILL, OFFICER VINCITINNI, OFFICER JOHNSON, SGT. SCHAFFER, LCC, NDCS, KARRI PAULSON, TED HILL, NATE SWOB, MARK LUKIN, BRIAN BRATT, LT SIMPSON, SGT. DECKER, SGT. JUNE, OFFICER LOOS, MARTIN WETZEL, RICK JOHNSON, Unit Manager; BASS, Unit Case; FEDLER, Unit Case Worker; WAYNE CHANNLER, Clinical Mental Health; DAVID R. MUNN, Lincoln Police Sgt.; TRANN, Lincoln Police Sgt.; NATE HILL, Lincoln Vice Police; WAGNER, Lincoln Police Office; BRENDA MAE STINSON, (Quarry)(Howard)(Bower); JAY G. STINSON, TYLER STINSON, RYAN STINSON, SPENCER STINSON, DUSTIN H. BOWER, JUSTIN R. BOWER, PIERCE L. BOWER, DRUE L. BOWER, ME TOO MOVEMENT, JEFFREY BORDOS, Amazon KPP CEO; CERDARS GROUP HOME, LINCOLN EAST HIGH SCHOOL, DEPARTMENT OF EDUCATION, BEATRICE STATE

2

| |
|---|
| DEVELOPMENTAL CENTER, BSDC, GAGE COUNTY POLICE, GAGE COUNTY JAIL, GAGE COUNTY SHERIFF, TREVOR, DAWN, MALINDA, SENATOR DORN, SENATOR PANSING BROOKS, OMBUDSMAN OFFICE, GOV. PETE RICKIKS, PATRICK CONDON, County Attorney; BRYAN WEST HOSPITAL, DR. NISSAN, DR. SADDIKIE, LINCOLN CRISIS CENTER, AMY BOLLAN, ex PO; and JUDGE PAUL MERITJR., Defendants. |

This matter is before the court on Plaintiff's Motion for Leave to Proceed in Forma Pauperis ("IFP"). (Filing 12.) The court has received a certified copy of Plaintiff's trust account information. (Filing 15.) Plaintiff is permitted to proceed IFP.

Prisoner plaintiffs are required to pay the full amount of the court's $350.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). The Prison Litigation Reform Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997); Jackson v. N.P. Dodge Realty Co., 173 F. Supp. 2d 951 (D. Neb. 2001).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the Complaint. Here, the court finds the initial partial filing fee is $.85, based on an average monthly account balance of $4.25. Plaintiff must pay this initial partial filing fee within 30 days or his case will be subject to dismissal. Plaintiff may request an extension of time if one is needed.

3

In addition to the initial partial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, Plaintiff's institution must collect the remaining installments of the filing fee and forward the payments to the court.

Plaintiff is advised he will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. See In re Tyler, 110 F.3d at 529-30; Jackson, 173 F. Supp. 2d at 951.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed IFP (Filing 12) is granted.

2. Plaintiff must pay an initial partial filing fee of $.85 within 30 days, unless the court extends the time in which he has to pay in response to a written motion.

3. After payment of the initial partial filing fee, Plaintiff's institution must collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and forward those payments to the court.

4. The clerk's office is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

5.  The clerk's office is directed to set a pro se case management deadline in this case using the following text: December 16, 2020: initial partial filing fee payment due.

6.  Plaintiff is advised that, following payment of the initial partial filing fee, the next step in Plaintiff's case will be for the court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under [28 U.S.C. § 1915(e)(2)](). The court will conduct this initial review in its normal course of business.

Dated this 16th day of November, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

5