IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AUSTIN EDWARD LIGHTFEATHER,

Plaintiff,

vs.

ABBY OSBORN, et al.,

Defendants.

**4:20CV3118**

**MEMORANDUM
AND ORDER**

Plaintiff, a state prisoner, filed his Complaint on October 7, 2020. (Filing 1.) Plaintiff was granted leave to proceed in forma pauperis on November 16 2020. (Filing 6.) Now that Plaintiff has paid the required initial partial filing fee, the court conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.[1]

## I. SUMMARY OF COMPLAINT

Plaintiff's Complaint is a rambling narrative of events that have occurred over the past several years. The caption lists 97 defendants, but only a few of them are mentioned in the body of the Complaint. Plaintiff seeks $308 billion in damages.

## II. STANDARDS ON INITIAL REVIEW

The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

---

[1] In conducting this initial review, the court has also examined Plaintiff's numerous supplemental filings. (Filings 5, 6, 7, 8, 20, 25)

from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. ANALYSIS OF COMPLAINT

While a plaintiff may join in one action as many claims as he has against a single defendant, *see* Fed. R. Civ. P. 18(a), "in actions where more than one defendant is named, such as the one at bar, the analysis under Rule 20 precedes that under Rule 18." *Houston v. Shoemaker*, No. 2:16-CV-36-CDP, 2017 WL 35699, at *2 (E.D. Mo. Jan. 4, 2017). Rule 20 provides in part: "Persons ... may be joined in

one action as defendants if ... any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and ... any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, "[d]espite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1655 (3d ed.). All "logically related" events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974). While it is unclear what types of claims Plaintiff is attempting to assert against the 97 named defendants, it is clear that the events described in Plaintiff's Complaint are not "logically related," and that the Complaint fails to comply with Rule 20(a)(2).

Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g., Williams v. Harmon*, 294 Fed. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). Requiring pro se prisoners to adhere to the federal rules regarding joinder of parties and claims prevents 'the sort of morass [a multiple claim, multiple defendant] suit produce[s], avoids confusion, ensures that prisoners pay the required filing fees, and prevents prisoners from circumventing the PLRA's three strikes rule." *Evans v. Deacon*, No. 3:11-CV-00272-ST, 2016 WL 591758, at *7 (D. Or. Feb. 12, 2016) (quoting *George v. Smith*, 507 F3d 605, 607 (9th Cir. 2007) ) (citations omitted).[2] Unrelated claims

---

[2] Under provisions of the Prison Litigation Reform Act ("PLRA"), a prisoner may not commence a civil action without prepayment of the filing fee in some form. *See* 28 U.S.C. § 1915(b)(1). These "new fee provisions of the PLRA were designed to deter frivolous prisoner litigation by making all prisoner litigants feel the deterrent effect created by liability for filing fees." *Williams v. Roberts*, 116 F. 3d 1126, 1127-

involving different defendants belong in different suits. *George*, 507 F.3d at 607 (holding that state prisoner's § 1983 action asserting 50 claims against 24 defendants should have been brought as separate actions, since defendants did not participate in the same transaction or series of transactions, and question of fact was not common to all defendants).

"Misjoinder of parties is not a ground for dismissing an action," but the court on its own may "drop a party" or "sever any claim against a party" in order to eliminate the misjoinder. Fed. R. Civ. P. 21. Because the court is unable to find that an actionable claim for relief is stated against any defendant, the court will not drop any parties or sever any claims at this time. The court on its own motion will give Plaintiff an opportunity to file an amended complaint that states a claim upon which relief may be granted against one or more defendants and that complies with Rule 20(a)(2). Plaintiff is warned that upon screening the amended complaint, the court will consider whether any unrelated claims should be severed. If Plaintiff's amended complaint sets forth unrelated claims, and the court decides severance is appropriate, **Plaintiff will be required to prosecute unrelated claims in separate actions and he will be required to pay a separate filing fee for each separate action.**

The Federal Rules of Civil Procedure also require parties to formulate their pleadings in an organized and comprehensible manner

> Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule

---

28 (5th Cir. 1997). The PLRA also contains a "three-strikes" provision requiring the collection of the entire filing fee after the dismissal for frivolousness, etc., of three actions or appeals brought by a prisoner proceeding in forma pauperis, unless the statutory exception is satisfied. 28 U.S.C. § 1915(g). The "three strikes" provision was also an attempt by Congress to curb frivolous prisoner litigation. *See Wilson v. Yaklich*, 148 F. 3d 596, 603 (6th Cir. 1998).

of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Rule 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count when doing so would promote clarity.

*McPeek v. Unknown Sioux City DEA Officers*, No. C17-4011-LTS, 2017 WL 1502809, at *3 (N.D. Iowa Apr. 25, 2017), *aff'd sub nom. McPeek v. Sioux City DEA Unknown Officers*, No. 17-2030, 2017 WL 5440036 (8th Cir. Sept. 29, 2017).

The primary purpose of Rule 8 is to allow the court and an opposing party to understand whether a valid claim is alleged and, if so, what it is; the complaint must be sufficiently clear so the court or an opposing party is not required to keep sifting through it in search of what it is plaintiff asserts. *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (per curiam) (unpublished opinion) (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994)). "A litigant cannot ignore her burden of developed pleading and expect the district court to ferret out small needles from diffuse haystacks." *Murillo v. Kittelson*, No. 8:19CV571, 2020 WL 3250231, at *3 (D. Neb. June 16, 2020) (quoting *United States v. Slade*, 980 F.2d 27, 31 (1st Cir. 1992)).

Plaintiff's Complaint is not a "short and plain" statement of claims, consisting of "simple, concise, and direct" allegations of fact, *see* Fed. R. Civ. P. 8, nor is there any separation of claims, *see* Fed. R. Civ. P. 10. If Plaintiff files an amended complaint, he must comply with Rules 8 and 10. *See, e.g., Chandler v. Pogue,* 56 Fed. App'x 756 (8th Cir. 2003) (per curiam) (unpublished opinion) (holding district court did not abuse its discretion by dismissing pro se inmate's lengthy complaint for failure to comply with Rules 8 and 10).

## IV. PLAINTIFF'S MOTIONS

Since the filing of the Complaint, Plaintiff has placed numerous motions on file. All of these motions which are still pending will be denied:

5

**Filing 9**, request for DNA testing. Even if this action were to proceed to service, the statutory right to proceed in forma pauperis does not include the right to receive funds from the court to pay discovery or other costs relating to a pro se litigant's case. 28 U.S.C. § 1915; *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077 (8th Cir. 1973), other citations omitted).

**Filing 10**, request to add evidence (competency order). At this stage of the proceeding, no evidentiary issues are presented. On initial review, the court assumes all well-pleaded facts in the complaint are true.

**Filing 16**, request for summonses. No further proceedings will take place in this case unless and until Plaintiff files an amended complaint in accordance with this Memorandum and Order. If Plaintiff files an amended complaint, the court will review it to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A. This matter may not proceed to service of process unless so ordered by the court after conducting this review.

**Filing 17**, request for expert witness testimony. See Filing 9.

**Filing 18**, request for preliminary injunction. Plaintiff does not state what injunctive relief is requested or specify any grounds for seeking the order. *See* Fed. R. Civ. P. 8(b).

**Filing 19**, request for publication of documents. This request is frivolous.

**Filing 22**, request to add defendant. Subject to the procedural limitations discussed above, Plaintiff may add defendants if he files an amended complaint.

**Filing 23**, request to document Plaintiff's physical appearance. This request is frivolous.

**Filing 24**, request for special reprisal. This request is frivolous.

**Filing 28**, request for change of venue. Nebraska constitutes one judicial district. 28 U.S.C. § 107.

**Filing 29**, request to add evidence (inmate request form). See Filing 10.

**Filing 30**, request to add defendant. See Filing 22.

**Filing 31**, request to add evidence (law library schedule). See Filing 10.

**Filing 32**, request to add evidence (tribal information). See Filing 10.

**Filing 34**, request to add a civil rights conspiracy claim against certain defendants. Subject to the procedural limitations discussed above, Plaintiff may add new claims or add allegations to existing claims if he files an amended complaint, which will then be reviewed by the court under 28 U.S.C. §§ 1915(e)(2) and 1915A.

**Filing 35**, request to file documents with United States Supreme Court. This request is frivolous.

**Filing 37**, request to add claims and defendants. See Filings 22 and 34.

**Filing 38**, request to appoint counsel. The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id.* No such benefit is apparent at this time.

**Filing 39**, request to add evidence (police reports). See Filing 10.

**Filing 40**, request to add allegations to "strategic indifference claim." See Filing 34.

**Filing 42**, request to add motive allegation. See Filing 34.

## V. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and it is apparent there is a misjoinder of defendants. However, the court on its own motion will give Plaintiff 30 days in which to file an amended complaint. Plaintiff is strongly encouraged to use the standardized form which will be provided to him. Plaintiff's pending motions will be denied for the reasons stated above.

IT IS THEREFORE ORDERED:

1.     Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must comply with federal pleading requirements.

2.     In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint (Filing 1) or supplements (Filings 5, 6, 7, 8, 20, 25) and any new allegations. Failure to consolidate all claims into **one document** may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3.     The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

4.     The Clerk of the Court is directed to send Plaintiff a form Pro Se 1, "Complaint in a Civil Case," for Plaintiff's use in preparing an amended complaint.

5.     The Clerk of the Court is directed to set a pro se case management deadline using the following text: February 11, 2021—amended complaint due.

6.     Plaintiff's pending motions (Filings 10, 16, 17, 18, 19, 22, 23, 24, 28, 29, 30, 31, 32, 34, 35, 37, 38, 39, 40, and 42) are denied.

Dated this 12th day of January, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge