IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER,<br><br>Plaintiff,<br><br>vs.<br><br>ABBY OSBORN, et al.,<br><br>Defendants. | 4:20CV3118<br><br><br>**MEMORANDUM<br>AND ORDER** |

    Plaintiff, a state prisoner, filed his Complaint on October 7, 2020. (Filing 1.) Plaintiff was granted leave to proceed in forma pauperis on November 16 2020. (Filing 6.) Plaintiff paid the required initial partial filing fee of $0.85 on December 21, 2020. The court conducted an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and, in a Memorandum and Order entered on January 12, 2021 (Filing 43), determined it fails to state a claim upon which relief may be granted. On its own motion, however, the court gave Plaintiff 30 days to file an amended complaint.

    An amended complaint was received by the clerk of the court on January 19, 2021, and was erroneously docketed as a new case, Case No. 8:21CV20. The error occurred because Plaintiff did not designate the filing as an amended complaint or include a case number on the pleading. The error was discovered and corrected the next day, and the pleading was refiled in this case, No. 4:20CV3118, and docketed as Plaintiff's Amended Complaint (Filing 45). Case No. 8:21CV20 was then closed.

    On February 24, 2021, the clerk of the court received another pleading from Plaintiff, which was also docketed herein as an amended complaint (Filing 63). This pleading includes many of the 97 defendants named in Plaintiff's original Complaint (Filing 1), all 8 of the defendants named in Plaintiff's Amended Complaint (Filing 45), plus a slew of new defendants. The court will order that Filing 63 be stricken as improvidently filed.

Plaintiff evidently is under the misapprehension that his Amended Complaint (Filing 45) was deemed "abandoned" when Case No. 8:21CV20 was closed. (See Filing 63, pp. 24, 29). The court will now conduct its initial review of the Amended Complaint (Filing 45), which was filed in a timely manner with leave of court. No consideration will be given to Filing 63, however, because it was an unauthorized filing which does no comport not with the court's previous Memorandum and Order. *See, e.g.*, *Emrit v. Gale*, No. 4:17CV3133, 2018 WL 618414, at *1 (D. Neb. Jan. 29, 2018) (striking amended pleadings filed by IFP plaintiff without the court's permission).

## I. SUMMARY OF AMENDED COMPLAINT

Plaintiff's Amended Complaint (Filing 45) is a recounting of several events in his life, dating back over 20 years. Plaintiff alleges:

1. In 2009, Defendant Lincoln Police Department (LPD) and Plaintiff's adoptive family, the Bowers (Defendants Drue L. Bower, Pierce L. Bower, Dustin H. Bower, Justin R. Bower, and Brenda Stinson (formerly Bower)), "set up" Plaintiff for a robbery conviction, for which he served 6 year in prison.

2. Following his release from prison in 2014, LPD continued to harass and "target" Plaintiff, and his "adopted sister 2nd cousin [Defendant] Drue L. Bower started threatening to have [Plaintiff's] head cut off, while she would flip [him] off in front of her mother [Defendant] Brenda [Stinson] who wouldn't correct her behavior." These events caused Plaintiff to move to Oregon.

3. Developmental disability service providers in Oregon would yell at Plaintiff after visits by his adoptive mother, Brenda Stinson.

4. When Plaintiff returned to Omaha in January 2016, Brenda Stinson had police pick him up at the airport and take him to Immanuel Health. He was then civilly committed to Defendant Lincoln Regional Center (LRC).

5. While at LRC for one year, Plaintiff was tortured, medicated, verbally and physically abused by staff, and racially targeted for being Native American.

6. After being released for outpatient treatment in January 2017, Plaintiff hired Defendant Abby Osborn as an attorney, but she dismissed a case without Plaintiff's permission in August 2018.

7. After Plaintiff published a book on autism, he was again targeted by LPD in 2017 and 2018, so he moved from Lincoln to Omaha.

8. Brenda Stinson took Plaintiff to LRHC Lasting Hope Recovery in December 2018.

9. Plaintiff was in the Douglas County jail in Omaha from late December 2018 until April 2019, after which he moved to Washington, D.C.

10. Plaintiff returned to Lincoln in May 2019, where he was awarded developmental disability services. Plaintiff's claimed his service provider raped him and made a video which was sold to a pornography dealer, but Brenda Stinson acted as if Plaintiff were delusional, and LPD "refused to take the case."

11. Plaintiff was then placed into the Autism Center Network of Nebraska, and Plaintiff was "targeted" by another service provider and detained at his residence by LPD without probable cause.

12. Brenda Stinson posted bond to obtain Plaintiff's release from jail the next day, and then had him transported to the Beatrice State Developmental Center (BSDC). Plaintiff claims he was physically assaulted by 15 BSCD staff members in February 2020, and was then placed in the Gage County jail by Beatrice police. Following Plaintiff's release from jail, where he staged a hunger strike, Brenda Stinson took him to a hospital for medical treatment. Plaintiff was then homeless.

13. On July 2, 2020, LPD wrongfully arrested Plaintiff for a "staged assault" on Brenda Stinson. Plaintiff alleges he was detained without a warrant and searched without his permission.

14. Finally, Plaintiff complains that his court-appointed attorney refused to move for dismissal of criminal charges associated with the alleged assault, and has been attempting to have Plaintiff found incompetent to stand trial.

For relief, Plaintiff requests that he be released from jail in Lancaster County and that the criminal charges be dismissed. He also requests the dismissal of 2 criminal cases in Gage County. Plaintiff wants Defendants arrested and to have his developmental disability services reinstated. He also want $25 million in damages.

## II. STANDARDS ON INITIAL REVIEW

The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or

3

employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS OF AMENDED COMPLAINT

As the court carefully explained in its previous Memorandum and Order, a plaintiff may join multiple defendants in a single action only if he asserts at least one

4

claim to relief against each of the defendants that arises out of the same transaction or occurrence and presents questions of law or fact common to all. *See* Fed. R. Civ. P. 20(a)(2). Even though Plaintiff has reduced the number of Defendants from 97 down to 8, his Amended Complaint still fails to meet this test.[1]

The eight Defendants named in Plaintiff's Amended Complaint are: (1) Brenda Stinson, who is mentioned in connection with transactions or occurrences described in paragraphs 1, 2, 3, 4, 8, 10, 12, and 13 above; (2) Pierce L. Bower, (3) Dustin H. Bower, and (4) Justin R. Bower, all three of whom are mentioned only in connection with transactions or occurrences described in paragraph 1 above; (5) Drue L. Bower, who is mentioned in connection with transactions or occurrences described in paragraphs 1 and 2 above; (6) Abby Osborn, who is mentioned only in connection with transactions or occurrences described in paragraph 6 above; (7) the Lincoln Regional Center, which is mentioned in connection with transactions or occurrences described in paragraphs 4 and 5 above; and (8) the Lincoln Police Department, which is mentioned in connection with transactions or occurrences described in paragraphs 1, 2, 7, 10, 11, and 13. None of these named Defendants are alleged to have any connection to the transactions or occurrences that are described in paragraphs 9 and 14 above.

To cure a misjoinder of parties, "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Dropping a party is self-explanatory. Severance under Rule 21 creates separate actions or suits where previously there was but one. *Reinholdson v. Minnesota*, 346

---

[1] Persons or entities who are not named as defendants in Plaintiff's Amended Complaint (Filing 45) are dismissed from the suit by virtue of this superseding pleading. *See Barnes v. United States*, 111 F. App'x 441, 443 (8th Cir. 2004) (unpublished) (district court did not err in finding defendants who were not named in amended complaint had been dismissed by virtue of their absence from amended complaint, because an amended complaint supersedes the original complaint and renders the original complaint without legal effect) (citing *In Re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)).

F.3d 847, 850 (8th Cir. 2003). Where a single claim is severed out of a suit, it proceeds as a discrete, independent action. *Id.*; *see E.S. v. Indep. Sch. Dist., No. 196 Rosemount-Apple Valley*, 135 F.3d 566, 568 (8th Cir. 1998).

Plaintiff's first claim concerns his 2009 robbery conviction. He appears to be claiming LPD and the Bowers conspired to obtain his conviction.[2] Even if there were sufficient facts alleged in the Amended Complaint to state a plausible conspiracy claim under 42 U.S.C. § 1983, Plaintiff does not allege that the conviction has been set aside or otherwise invalidated. Because Plaintiff is claiming his conviction was invalid, a § 1983 action cannot be maintained until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under *Heck*, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff first must prove that his conviction had been invalidated in some way; this favorable-termination requirement applies whenever a judgment in favor of the plaintiff would necessarily imply that his prior conviction or sentence was invalid. *See McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019). Similarly, if the claim is viewed as a common law claim for malicious prosecution, it is premature because "[a]n element of that tort is the 'termination of the ... proceeding in favor of the accused'; and accordingly, the statute of limitations does not start to run until that termination takes place.

---

[2] Plaintiff alleges: "I was targeted in 2009 by the [Bowers] & by the Lincoln Police Dept. because I come from Land Bond Treaties of Choctaw Nation .... The Bower Family cordnated [*sic*] a strategic plan to have me removed or murdered to obtain this money; in which they wrote the book 'Me Too' to help them in this plan. Using my photos illegally without consent tied to lies. I was set up in 2009 by LPD & my adopted Family with the help of convicted felon Charles R. Eagleboy of Omaha Nation in staging a robbery to have me arrested. I served six years of incarceration, upon my reless [*sic*] on October 20, 2014 I filed against the State at the time I did not know about 'Me Too'." (Filing 45, p. 7.)

6

*Manuel v. City of Joliet*, 137 S. Ct. 911, 921 (2017) (quoting *Heck,* 512 U.S., at 484, 489); *see Prokop v. Hoch*, 607 N.W.2d 535, 539 (Neb. 2000). On the other hand, a common law claim for false arrest or false imprisonment (or a comparable § 1983 claim) would be barred by Nebraska's 4-year statute of limitations. *See Jones v. Custer Cty.*, No. 8:17CV394, 2018 WL 2050568, at *5 (D. Neb. Apr. 26, 2018), *aff'd sub nom. Jones v. Bowers*, 784 F. App'x 976 (8th Cir. 2019); *White v. Smith*, No. 4:09CV3145, 2009 WL 3335967, at *9 (D. Neb. Oct. 14, 2009); *Winslow v. Smith*, 672 F. Supp. 2d 949, 961-63 (D. Neb. 2009). This claim therefore will be dismissed without prejudice,[3] and Defendants Pierce L. Bower, Dustin H. Bower, and Justin R. Bower will be dropped as parties under Rule 21.

Another member of the Bower family, Drue L. Bower, allegedly threatened Plaintiff in 2014. As indicated above, the general statute of limitations for tort claims in Nebraska is 4 years. Neb. Rev. Stat. § 25-207. Any state-law tort claim against Drue L. Bower that accrued in 2014 is therefore time-barred. Because Plaintiff will not be prejudiced, this Defendant will also be dropped as a party under Rule 21.

The final Bower family member named as a Defendant, Brenda Stinson, is associated with the events described in 1, 2, 3, 4, 8, 10, 12, and 13 above. However, with the exception of paragraphs 1 and 13, no actionable misconduct on her part has been alleged. For reasons already discussed, no claim can be maintained at this time with reference Plaintiff's 2009 robbery conviction (see paragraph 1 above). It is conceivable that a claim for malicious prosecution might also be brought against Brenda Stinson for the 2020 "staged assault" (see paragraph 13 above), but such a claim would also be premature because the criminal case is still pending. And, even if Plaintiff were to allege that Brenda Stinson conspired with a state actor to

---

[3] "The appropriate disposition under *Heck* is to dismiss it without prejudice, which will allow [Plaintiff] to refile it if he can satisfy the favorable-termination requirement at some point." *Thomas v. Eschen*, 928 F.3d 709, 713 n. 6 (8th Cir. 2019); *see Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (per curiam) (modifying the dismissal of a *Heck*-barred claim "to be without prejudice").

7

prosecute Plaintiff for a "staged assault," the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), directs that federal courts must not interfere with, or intervene in, ongoing criminal proceedings in state court. Absent extraordinary circumstances, this court must abstain from exercising jurisdiction over any civil action that challenges Plaintiff's ongoing criminal proceedings. *See Hudson v. Campbell*, 663 F.3d 985, 987 (8th Cir. 2011) ("The *Younger* abstention doctrine derives from notions of federalism and comity. *Younger* itself held that, absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions."). Accordingly, Defendant Brenda Stinson will be dropped as a party under Rule 21.

Plaintiff alleges his attorney, Abby Osborn, dismissed a case without his permission in August 2018 (see paragraph 6 above). No other claim is made against Ms. Osborn, and the court lacks subject matter jurisdiction over this legal malpractice claim because both she and Plaintiff are Nebraska citizens. (See Filing 45, pp. 3-4.) This claim therefore will be dismissed without prejudice to reassertion in state court,[4] and this Defendant will be dropped as a party under Rule 21.

Plaintiff alleges he was mistreated at the Lincoln Regional Center during 2016 (see paragraph 5 above). LRC is a branch of the Nebraska Department of Health and Human Services—a state instrumentality. *Nahkahyen-Clearsand v. Lincoln Reg'l Ctr.*, No. 4:17CV3074, 2017 WL 3172856, at *2 (D. Neb. July 25, 2017), *aff'd*, No. 17-3131, 2018 WL 1633473 (8th Cir. Feb. 22, 2018). The Eleventh Amendment bars any suit brought in federal court by an individual against a state or its agencies, regardless of the nature of the relief sought. *Brown v. Dep't of Health & Human Servs.*, No. 8:16CV377, 2017 WL 1533386, at *1 (D. Neb. Apr. 26, 2017). It is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state. *Walker v. City of Fremont*, No. 8:19CV356, 2021 WL 394812, at

---

[4] It should be noted that Nebraska has a separate, 2-year statute of limitations for professional negligence claims. *See* Neb. Rev. Stat. § 25-222.

8

*5 (D. Neb. Feb. 4, 2021) (citing *Alden v. Maine*, 527 U.S. 706, 713 (1999)). This claim therefore will be dismissed without prejudice, and LRC will be dropped as a party under Rule 21.

The final Defendant to discuss is the Lincoln Police Department. In addition to the claim regarding Plaintiff's 2009 robbery conviction (see paragraph 1 above), which will be dismissed without prejudice as *Heck*-barred, it is alleged that LPD "targeted" or "harassed" Plaintiff at various times, failed to investigate a reported crime, and unlawfully detained or arrested Plaintiff on two different occasions. As a preliminary matter, LPD is not a proper defendant because it is not a suable entity under Nebraska law. *See Jones v. Carter*, No. 8:20CV62, 2020 WL 5203456, at *3 (D. Neb. Sept. 1, 2020) (dismissing § 1983 claim against LPD).

The City of Lincoln would be the proper party to sue instead of LPD, but to prevail on a § 1983 claim against the City, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). "Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). "[A] plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating '(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation.'" *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). The allegations of Plaintiff's Amended Complaint fail to show that any actions were taken pursuant to a policy or custom of the City of Lincoln. "Although [a plaintiff] need not set forth with specificity the existence of an unconstitutional policy or custom at the pleading stage, he must nonetheless present

9

some allegations, references, events, or facts from ... which the court could begin to draw an inference that the conduct complained of ... resulted from an unconstitutional policy or custom of the [City] or a deliberate choice by a decision-maker with final authority." *Cotton v. Douglas Cty. Dep't of Corr.*, No. 8:16CV153, 2016 WL 5816993, at *6 (D. Neb. Oct. 5, 2016).

Plaintiff claims he was harassed by LPD in 2014 (see paragraph 2 above). Even if construed as a civil rights claim, it is barred by the applicable statute of limitations. The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U. S. 384, 387 (2007). In Nebraska, § 1983 actions are limited by a four-year statute of limitations. *See Montin v. Estate of Johnson*, 636 F.3d 409, 412-13 (8th Cir. 2011); Neb. Rev. Stat. § 25-207.

Plaintiff alleges he was "targeted" by LPD in 2017 and 2018 (see paragraph 7 above), but he offers no explanation. Generally, "police harassment, without more, cannot form a basis for a § 1983 cause of action." *Harris v. City of W. Chicago*, No. 01 C 7527, 2002 WL 31001888, at *3 (N.D. Ill. Sept. 3, 2002) (quoting *Arnold v. Truemper,* 833 F.Supp. 678, 682 (N.D. Ill. 1993); *see also Dick v. Gainer*, 1998 WL 214703, at *5 (N.D. Ill. Apr. 23, 1998) ("There is no constitutional right to be free from threats of arrest; an actual civil rights violation must occur before a cause of action arises under § 1983."); *Slagel v. Shell Oil Refinery*, 811 F. Supp. 378, 382 (C.D. Ill. 1993) ("[C]itizens do not have a constitutional right to courteous treatment by the police."), *aff'd*, 23 F.3d 410 (7th Cir. 1994). To be actionable, the harassment must violate a recognized constitutional right.

For example, it is well established that "the Constitution prohibits selective enforcement of the law based on considerations such as race." *Whren v. United States*, 517 U.S. 806, 813 (1996); *see Tyler v. Doe*, No. 8:09CV184, 2009 WL 2496827, at *2 (D. Neb. Aug. 12, 2009). The constitutional basis to challenge the selective enforcement of the laws is the Equal Protection Clause. *Id.* However, to establish an equal protection claim a plaintiff must allege both discriminatory effect

10

and discriminatory purpose. *Johnson v. Crooks,* 326 F.3d 995, 999 (8th Cir.2003). "When the claim is selective enforcement of the traffic laws or a racially-motivated arrest, the plaintiff must normally prove that similarly situated individuals were not stopped or arrested in order to show the requisite discriminatory effect and purpose." *Id.,* at 1000; *see also Chavez v. Ill. State Police,* 251 F.3d 612, 634-48 (7th Cir.2001); *Gardenhire v. Schubert,* 205 F.3d 303, 319 (6th Cir.2000).

Plaintiff indicates his heritage is Native American, but there are no facts alleged from which it may reasonably be inferred that the "targeting" by LPD was racially motivated. If the denial of equal protection is the basis for Plaintiff's claim against LPD, or if there is some other constitutional or statutory basis for the claim, Plaintiff will be given an opportunity to replead. On its own motion, the court will give Plaintiff 30 days in which to file a Second Amended Complaint which (1) names the City of Lincoln as a defendant instead of LPD, (2) alleges sufficient facts to show that Plaintiff's constitutional or federal statutory rights were violated, and (3) alleges sufficient facts to show that a City policy or custom caused the violation. A Second Amended Complaint will supersede all prior pleadings, and must be able to stand on its own, without reference to any other filings in this matter.

Plaintiff next claims LPD "refused to take the case" when he reported a rape in 2019. Without any factual allegations to show that the refusal violated Plaintiff's right to equal protection, or violated Plaintiff's right to due process, Plaintiff has not stated a claim upon which relief may be granted. *See Andrews v. Fowler*, 98 F.3d 1069, 1079 (8th Cir. 1996) ("While [police officer's] failure to investigate the rape may have violated state law and common sense, it did not rise to the level of a separate constitutional violation of [the plaintiff's] rights."); *see also Freeman v. Ferguson,* 911 F.2d 52, 55 (8th Cir.1990) (the state may not "selectively deny its protective services to certain disfavored minorities without violating the Equal Protection Clause"); *Winslow v. Smith*, 696 F.3d 716, 732 (8th Cir. 2012) ("To establish a constitutional violation based on an inadequate investigation, a plaintiff must show that the defendant officer's failure to investigate was intentional or

reckless, thereby shocking the conscience.... Mere negligent failure to investigate … does not violate due process." (internal quotation and citation omitted)).

Plaintiff also claims LPD detained him without probable cause in 2019 after he was "targeted" by his Autism Center Network provider. Plaintiff alleges no facts to support this potential Fourth Amendment claim. Similarly, there are not sufficient facts alleged to support Plaintiff's claim that LPD wrongfully arrested and searched him in 2020 in connection with the "staged assault" on Brenda Stinson.

Finally, Plaintiff complains about his court-appointed counsel's handling of the criminal case associated with the "staged assault." The public defender l has not been named as a defendant, however, so any claims made against him do not need to be discussed.

In summary, Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted against any Defendant. On the court's own motion, however, Plaintiff will be allowed to file a Second Amended Complaint regarding the alleged harassment and targeting by LPD in 2017 and 2018, LPS's alleged refusal to act on Plaintiff's report of a rape in 2019, and LPD's alleged unlawful detentions and search of Plaintiff during 2019. Because LPD is not amenable to suit, the City of Lincoln will be substituted as Defendant in place of the department. If Plaintiff files a Second Amended Complaint, he shall not name any additional defendants unless they may properly be joined as parties under Rule 20.

## IV. PLAINTIFF'S MOTIONS

Since the filing of the Amended Complaint, Plaintiff has placed numerous motions on file. All will be denied:

**Filing 46**. Plaintiff requests a court order to unseal his adoption records. Such request is outside the jurisdiction of this court.

**Filing 47**. Plaintiff requests the court to "waive required affidavit offered as evidence." This request is frivolous.

**Filing 48**. Plaintiff requests a "waiver of evidentiary materials." This request is frivolous.

**Filing 49**. Plaintiff requests the court to "waive additional filing fees for separate motions within one body of the complaint." The court construes this as a request to waive separate filing fees in the event claims are severed. Thus construed, the request is denied as moot.

**Filing 55**. Plaintiff makes a second request for the court to "waive evidentiary materials." This request is frivolous.

**Filing 56**. Plaintiff again requests the court to "waive required affidavit of evidentiary materials." This request is frivolous.

**Filing 57**. Plaintiff requests that a supporting brief be listed as evidence. This request is frivolous.

**Filing 58**. Plaintiff requests that he be transported to the federal courthouse for a non-existent docket call. This request is frivolous.

**Filing 59**. Plaintiff requests leave to proceed in forma pauperis (IFP) and to represent himself in this action. Plaintiff has already been granted leave to proceed IFP and does not require court approval to proceed pro se (without an attorney).

**Filing 64**. Plaintiff requests a "waive[r] of initial review filing fees." This request is either frivolous or moot.

IT IS THEREFORE ORDERED:

1.      Plaintiff's Filing 63, which was docketed as an amended complaint, is stricken from the court file and shall not be operative as a pleading.

2.    All Defendants except the eight who are named in Plaintiff's Amended Complaint (Filing 45) are voluntarily dismissed from this lawsuit, without prejudice, and the Clerk of the Court is directed to terminate them as parties on the court's docket sheet. The eight Defendants who are not voluntarily dismissed include the seven Defendants who are dismissed by order of the court in paragraph 3 below, and the Lincoln Police Department, for whom the City of Lincoln is substituted as a party in paragraph 4 below.

3.    Pursuant to Federal Rule of Civil Procedure 21, the following seven Defendants are dismissed from this lawsuit, without prejudice, and the Clerk of the Court is directed to terminate them as parties on the court's docket sheet:

- Abby Osborn
- Brenda Mae Stinson (Quarry) (Howard) (Bower)
- Dustin H. Bower
- Justin R. Bower
- Pierce L. Bower
- Drue L. Bower
- Lincoln Regional Center

4.    The Lincoln Police Department is dismissed from this lawsuit, without prejudice, and the City of Lincoln is substituted as party Defendant in place of the Department. The City of Lincoln is the only remaining Defendant in this action, but Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

5.    Plaintiff shall have 30 days to file a Second Amended Complaint in accordance with this Memorandum and Order. Failure to file a Second Amended Complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

6.    Plaintiff is warned that a Second Amended Complaint will supersede, not supplement, his prior pleadings. Plaintiff must include Case No. 4:20CV3118 on the face of the Second Amended Complaint, and comply with all federal pleading requirements.

7. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files a Second Amended Complaint.

8. The Clerk of the Court is directed to set a pro se case management deadline using the following text: April 7, 2021—second amended complaint due.

9. Plaintiff's pending motions (Filings 46, 47, 48, 49, 55, 56, 57, 58, 59, and 64) are denied.

Dated this 8th day of March, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge