# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LINCOLN,<br><br>Defendant. | 4:20CV3118<br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, a state prisoner, filed his Complaint on October 7, 2020. (Filing 1.) The court conducted an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and, in a Memorandum and Order entered on January 12, 2021 (Filing 43), determined it failed to state a claim upon which relief may be granted. An Amended Complaint was then filed with leave of court on January 19, 2021 (Filing 45). In a Memorandum and Order entered on March 8, 2021, the court found on initial review that the Amended Complaint also failed to state a claim upon which relief may be granted, but on its own motion gave Plaintiff leave "to file a Second Amended Complaint regarding the alleged harassment and targeting by LPD [Lincoln Police Department] in 2017 and 2018, LP[D]'s alleged refusal to act on Plaintiff's report of a rape in 2019, and LPD's alleged unlawful detentions and search of Plaintiff during 2019." (Filing 68, p. 12.) Because LPD is not amenable to suit, the court directed that the City of Lincoln be substituted as Defendant in place of LPD, and instructed Plaintiff that "he shall not name any additional defendants unless they may properly be joined as parties under Rule 20." (*Ibid*.) Plaintiff filed a Second Amended Complaint on March 15, 2021 (Filing 72), and supplemented this pleading on March 31, 2021 (Filings 93, 94, 95, 96, 98, 99). The City of Lincoln is the only named Defendant.

The court will now conduct an initial review of the Second Amended Complaint and supplemental filings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. First, however, the court will dispose of several pending motions.

## I. PENDING MOTIONS

In Filing 70, filed on March 12, 2021, Plaintiff asks "why I have yet to here [*sic*] of a ruling or review regards to February 11th, 2021." The court construes this as a request for the status of his amended pleadings, as to which the court in its January 12, 2021 Memorandum and Order (Filing 43) established a 30-day filing deadline of February 11, 2021. As stated above, the court's initial review of the Amended Complaint was completed on March 8, 2021. (See Filing 68.) In Filing 71, also filed on March 12, 2021, Plaintiff requests the court to "please motion complaint of new case in place of Amended Complaint stated in section letter (T) of letters (A-T), in place of original complaint for February 11, 2021." The court is uncertain what Plaintiff means, but in the court's Memorandum and Order of March 8, 2021, the court determined that Plaintiff's Amended Complaint (Filing 45) is subject to preservice dismissal, and that a second Amended Complaint (Filing 63) should be stricken as improvidently filed. (See Filing 68.) Both March 12, 2021 motions are moot, and will be denied without prejudice.

In Filing 83, filed on March 24, 2021, Plaintiff requests the court to "continue the Second Amended Complaint review, April 7, 2021." Similarly, in Filing 92, filed 2 days later, Plaintiff requests that the "Second Amended Complaint be heard, for April 7, 2021." Plaintiff is advised there was no April 7, 2021 hearing date; rather, that was the deadline established by the court's March 8, 2021 Memorandum and Order for Plaintiff to file a Second Amended Complaint. Initial reviews of prisoner and pro se complaints are conducted by the court in the normal course of business, as time permits. And, finally, in Filing 103, filed on April 1, 2021, Plaintiff "motion[s] for leave to proceed of jurisdiction" following the voluntary dismissal of an interlocutory appeal he filed on March 19, 2021. The court received the Eighth Circuit's judgment and mandate on April 1, 2021, and thereby regained jurisdiction. Because the relief requested by Plaintiff in these three motions is unclear, and may be inconsistent with the court's orders, they will also be denied without prejudice.

Numerous pieces of correspondence have also been received from Plaintiff recently (Filings 97, 104, 105, 106, 107, 108, 109, 110, 111). Because they request no relief, these filings were not docketed as motions and require no ruling.

## II. STANDARDS ON INITIAL REVIEW

The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. ANALYSIS OF SECOND AMENDED COMPLAINT

As the court instructed Plaintiff in its previous Memorandum and Order, to prevail on a § 1983 claim against the City of Lincoln, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). "Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). "[A] plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating '(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation.'" *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). The allegations of Plaintiff's Second Amended Complaint fail to show that any actions were taken pursuant to a policy or custom of the City of Lincoln. "Although [a plaintiff] need not set forth with specificity the existence of an unconstitutional policy or custom at the pleading stage, he must nonetheless present some allegations, references, events, or facts from ... which the court could begin to draw an inference that the conduct complained of ... resulted from an unconstitutional policy or custom of the [City] or a deliberate choice by a decision-maker with final authority." *Cotton v. Douglas Cty. Dep't of Corr.*, No. 8:16CV153, 2016 WL 5816993, at *6 (D. Neb. Oct. 5, 2016).

Moreover, the Eighth Circuit has consistently recognized that "in order for municipal liability to attach, individual liability first must be found on an underlying substantive claim." *Mitchell v. Dakota Cty. Soc. Servs.*, 959 F.3d 887, 900 (8th Cir. 2020) (quoting *Moore v. City of Desloge*, 647 F.3d 841, 849 (8th Cir. 2011). No

plausible constitutional claim is alleged by Plaintiff against Lincoln police officers or any other City employee or official.

Plaintiff alleges Lincoln police drove by and stared at him while he was standing in a hotel parking lot where he was staying, or at a city park while he was homeless. (Filing 72, pp. 3-4.) Plaintiff also alleges he received calls on his cell phone from police, which he speculates were made for the purpose of tracking his whereabouts by satellite. (Filing 72, p. 5.) Generally, "police harassment, without more, cannot form a basis for a § 1983 cause of action." *Harris v. City of W. Chicago*, No. 01 C 7527, 2002 WL 31001888, at *3 (N.D. Ill. Sept. 3, 2002) (quoting *Arnold v. Truemper,* 833 F.Supp. 678, 682 (N.D. Ill. 1993); *see also Dick v. Gainer*, 1998 WL 214703, at *5 (N.D. Ill. Apr. 23, 1998) ("There is no constitutional right to be free from threats of arrest; an actual civil rights violation must occur before a cause of action arises under § 1983."); *Slagel v. Shell Oil Refinery*, 811 F. Supp. 378, 382 (C.D. Ill. 1993) ("[C]itizens do not have a constitutional right to courteous treatment by the police."), *aff'd*, 23 F.3d 410 (7th Cir. 1994). To be actionable, the harassment must violate a recognized constitutional right.

Plaintiff complains that Lincoln police would not investigate his report of a rape that allegedly occurred in August 2019. (Filing 72, p. 2.) Without any factual allegations to show that the refusal violated Plaintiff's right to equal protection, or violated Plaintiff's right to due process, Plaintiff has not stated a claim upon which relief may be granted. *See Andrews v. Fowler*, 98 F.3d 1069, 1079 (8th Cir. 1996) ("While [police officer's] failure to investigate the rape may have violated state law and common sense, it did not rise to the level of a separate constitutional violation of [the plaintiff's] rights."); *see also Freeman v. Ferguson,* 911 F.2d 52, 55 (8th Cir.1990) (the state may not "selectively deny its protective services to certain disfavored minorities without violating the Equal Protection Clause"); *Winslow v. Smith*, 696 F.3d 716, 732 (8th Cir. 2012) ("To establish a constitutional violation based on an inadequate investigation, a plaintiff must show that the defendant officer's failure to investigate was intentional or reckless, thereby shocking the conscience.... Mere negligent failure to investigate … does not violate due process." (internal quotation and citation omitted)). Also, Plaintiff was interviewed by police when he made another report of the rape in October or November of 2019. Plaintiff

claims he was ashamed by having to discuss the rape during the interview (Filing 72, pp. 3-4), but the facts alleged do not show there was a constitutional violation.

Plaintiff complains he was arrested and charged with first-degree assault and attempted burglary. He claims discrimination because he is part Native-American. (Filing 72, p. 6.) It is well established that "the Constitution prohibits selective enforcement of the law based on considerations such as race." *Whren v. United States*, 517 U.S. 806, 813 (1996); *see Tyler v. Doe*, No. 8:09CV184, 2009 WL 2496827, at *2 (D. Neb. Aug. 12, 2009). The constitutional basis to challenge the selective enforcement of the laws is the Equal Protection Clause. *Id.* However, to establish an equal protection claim a plaintiff must allege both discriminatory effect and discriminatory purpose. *Johnson v. Crooks,* 326 F.3d 995, 999 (8th Cir. 2003). "When the claim is selective enforcement of the … laws or a racially-motivated arrest, the plaintiff must normally prove that similarly situated individuals were not stopped or arrested in order to show the requisite discriminatory effect and purpose." *Id.,* at 1000; *see also Chavez v. Ill. State Police,* 251 F.3d 612, 634-48 (7th Cir.2001); *Gardenhire v. Schubert,* 205 F.3d 303, 319 (6th Cir. 2000). In support of this claim, Plaintiff notes that his alleged rapist, who is African-American, was not charged with a crime. These two fact situations are not comparable. To create an inference of unlawful discrimination, the other individual must be similarly situated to Plaintiff "in all relevant respects." *Gilani v. Matthews*, 843 F.3d 342, 348 (8th Cir. 2016); *Flowers v. City of Minneapolis*, 558 F.3d 794, 798 (8th Cir. 2009).

In supplemental filings, Plaintiff complains that a Lincoln police officer failed to follow standard policy when he interviewed Plaintiff's mother before interviewing him during a criminal investigation (Filing 87); that he was subjected to "community harassment" by people laughing at him and making jokes about his favorite NFL team after police allegedly gained access to his email (Filing 94); that he was ejected from a privately owned fitness club (Filing 95); that a doctor prescribed Plaintiff medication which caused confusion, hallucinations, and nightmares (Filing 96); that his mother provided false information in a "federal document" regarding Plaintiff's parentage (Filing 98); and that Plaintiff's mother made disparaging comments about him to a cashier and others (Filing 99). None of these incidents involve a violation

of Plaintiff's constitutional rights, and the alleged violation of federal law by his mother does not give rise to a private cause of action. It is well-established that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

IV. CONCLUSION

The court has carefully reviewed Plaintiff's Second Amended Complaint and supplemental filings, and has determined that Plaintiff has again failed to state a claim upon which relief may be granted. None of the pleading deficiencies that were noted by the court in its March 8, 2021 Memorandum and Order have been corrected. Plaintiff's Second Amended Complaint and supplemental filings claims are also frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992) (court may dismiss complaint of plaintiff proceeding in forma pauperis as frivolous and may disregard clearly baseless, fanciful, fantastic, or delusional factual allegations); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing complaint as frivolous and stating that "[a] complaint is frivolous when it lacks an arguable basis in either law or fact" (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))). Plaintiff will not be granted further leave to amend, because it would be futile. *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719-20 (8th Cir. 2014) (district courts can deny motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a 12(b)(6) motion to dismiss); *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) ("frivolous claims are futile").

The dismissal of this action will count as one "strike" under the "3-strikes" provision of the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

IT IS THEREFORE ORDERED:

1. Plaintiff's miscellaneous motions (Filings 70, 71, 83, 92, 103) are denied without prejudice.

2. This action is dismissed without prejudice for failure to state a claim upon which relief may be granted, and for being frivolous litigation.

3. Judgment will be entered by separate document.

Dated this 24th day of May, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge