## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER, | **4:20CV3118** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| CITY OF LINCOLN, | |
| Defendant. | |

On May 24, 2021, the court entered a judgment of dismissal after finding that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted, and that Plaintiff's action is frivolous. (See Filings 112, 113.) Since then, Plaintiff has made numerous filings (Filings 114-125).

In Filings 117 and 125, Plaintiff has requested reconsideration of the court's final order and judgment. Because Plaintiff has not indicated which provision of the Federal Rules of Civil Procedure he is relying upon in making the motion, it may be treated either as a Rule 59(e) motion to alter or amend judgment or as a Rule 60(b) motion for relief from judgment. *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). But whichever rule is applied, the motion fails.

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*

Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Upon consideration of Plaintiff's motions, the court concludes Plaintiff has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the court's judgment of dismissal. He has not shown that the dismissal was the result of manifest error of law or fact nor has he presented any "extraordinary circumstances" justifying relief. Thus, Plaintiff has failed to establish sufficient grounds for setting aside the court's judgment under Rule 59(e) or Rule 60(b).

In Filing 119, Plaintiff requests leave to file a Third Amended Complaint. A proposed Third Amended Complaint is docketed as Filing 114, and subsequent, supplemental pleadings are docketed as Filings 120, 122, 123, and 124.

The district court has "considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored...." *Ryan v. Ryan*, 889 F.3d 499, 508 (8th Cir. 2018) (quoting *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (8th Cir. 2009). "[F]utility constitutes a valid reason for

denial of a motion to amend." *Id.* (quoting *United States ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.*, 690 F.3d 951, 958 (8th Cir. 2012)). In dismissing the action, the court had already determined that amendment would be futile, and Plaintiff's proposed pleadings only serve to confirm that determination.

In Filings 116 and 118, Plaintiff requests the court to broker a settlement with the City of Lincoln. These requests will also be denied.

Filings 115 and 121 are letters that have been noted or responded to by the clerk, and require no ruling.

IT IS THEREFORE ORDERED:

1.    Plaintiff's motions for reconsideration (Filings 117, 125) are denied.

2.    Plaintiff's motion to amend (Filing 119) is denied.

3.    Plaintiff's motions for settlement (Filings 116, 118) are denied.

Dated this 7th day of June, 2021.

                                        BY THE COURT:

                                        *Richard G. Kopf*

                                        Richard G. Kopf
                                        Senior United States District Judge