# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF LINCOLN, <br><br> Defendant. | 4:20CV3118 <br><br> **MEMORANDUM AND ORDER** |

On May 24, 2021, the court entered a judgment of dismissal after finding that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted, and that Plaintiff's action is frivolous. (See Filings 112, 113.) Since then, Plaintiff has made numerous filings, many of which have already been addressed by the court. The court will now address Filings 127 through 131.

In Filing 127, Plaintiff requests free copies of all filings in this matter. As Plaintiff has been previously advised (see Filing 33, Memorandum and Order entered on December 11, 2020), the statutory right to proceed in forma pauperis does not include the right to receive copies of documents without payment. *See* 28 U.S.C. § 1915; *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action." (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir. 1973)). Plaintiff's request for copies therefore will be denied.

In Filings 128, 129, 130, and 131, Plaintiff has requested reconsideration of the court's final order and judgment. Because Plaintiff has not indicated which provision of the Federal Rules of Civil Procedure he is relying upon in making these motions, they may be treated either as Rule 59(e) motions to alter or amend judgment or as Rule 60(b) motions for relief from judgment. *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). But whichever rule is applied, the motions fail.

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*

Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Upon consideration of Plaintiff's motions, the court concludes Plaintiff has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the court's judgment of dismissal. He has not shown that the dismissal was the result of manifest error of law or fact nor has he presented any "extraordinary circumstances" justifying relief. Thus, Plaintiff has failed to establish sufficient grounds for setting aside the court's judgment under Rule 59(e) or Rule 60(b).

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for copies (Filing 127) is denied.

2. Plaintiff's motions for reconsideration (Filings 128, 129, 130, and 131) are denied.

Dated this 24th day of June, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge