# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER,<br><br>Plaintiff,<br><br>vs.<br><br>ABBY OSBORN, Legal Council; MENTAL HEALTH BOARD OF LINCOLN, NE, PRESCOTT PLACE, CARLA HILL, JERAMY HILL, SETH JACKSON HABBOTS, MELISSA BLAKEMORE, ACN AUTISM CENTER OF NEBRASKA, TAYLOR DARO, EFN EXTENDED FAMILIES OF NEBRASKA, MAGIS, NICHOLAS, JEVON WOODS, TONY GREEN, DHHS, DDS; COURTNEY MILLER, DHHS, DDS; STACY WORTH SWINNY, LRC Lincoln Regional Center; ANNE TAPLEY, LIMHP, Williamsberg Psychology; DOANE UNIVERSITY CRETE, NEB, PETE ALMOND, Professor; AUSTIN BAZIL, RUSTY MILLER, CAPITOL CITY CHRISTIAN CHURCH, LINCOLN POLICE DEPARTMENT, Law Enforcement; VOCATIONAL REHABILITATION CENTER, JERRI BRIAN, ETHAN BROWN, ROSE, LINCOLN, NE. CITY LIBRARIES, JEVON WOODS, OMAHA POLICE DEPARTMENT, LASTING HOPE RECOVERY CENTER, OMAHA DOUGLAS COUNTY JAIL, MENTAL HEALTH BOARD OF DOUGLAS COUNTY, NE, OMAHA CITY LIBRARIES, OMAHA STEPHEN CENTER SHELTER FOR | 4:20CV3118<br><br>**MEMORANDUM AND ORDER** |

THE HOMELESS, OMAHA COUNTY SHERIFFS DEPT., LINCOLN, NE PUBLIC SCHOOLS, LINCOLN, NE HIGH SCHOOL, LINCOLN, NE SOUTHEAST HIGH SCHOOL, LINCOLN LIGHTHOUSE YOUTH CEN., LINCOLN CORRECTIONAL CENTER, DEPT. HEALTH AND HUMAN SERVICES, TECUMSHA STATE CORRECTIONAL INST., NEBRASKA DEPARTMENT CORRECTION SERV., LANCASTER COUNTY CORRECTIONS 2009, SGT. HILL, OFFICER VINCITINNI, OFFICER JOHNSON, SGT. SCHAFFER, LCC, NDCS, KARRI PAULSON, TED HILL, NATE SWOB, MARK LUKIN, BRIAN BRATT, LT SIMPSON, SGT. DECKER, SGT. JUNE, OFFICER LOOS, MARTIN WETZEL, RICK JOHNSON, Unit Manager; BASS, Unit Case; FEDLER, Unit Case Worker; WAYNE CHANNLER, Clinical Mental Health; DAVID R. MUNN, Lincoln Police Sgt.; TRANN, Lincoln Police Sgt.; NATE HILL, Lincoln Vice Police; WAGNER, Lincoln Police Office; BRENDA MAE STINSON, (Quarry)(Howard)(Bower); JAY G. STINSON, TYLER STINSON, RYAN STINSON, SPENCER STINSON, DUSTIN H. BOWER, JUSTIN R. BOWER, PIERCE L. BOWER, DRUE L. BOWER, ME TOO MOVEMENT, JEFFREY BORDOS, Amazon KPP CEO; CERDARS GROUP HOME, LINCOLN EAST HIGH SCHOOL, DEPARTMENT OF EDUCATION, BEATRICE STATE DEVELOPMENTAL CENTER, BSDC,

| |
|---|
| GAGE COUNTY POLICE, GAGE COUNTY JAIL, GAGE COUNTY SHERIFF, TREVOR, DAWN, MALINDA, SENATOR DORN, SENATOR PANSING BROOKS, OMBUDSMAN OFFICE, GOV. PETE RICKIKS, PATRICK CONDON, County Attorney; BRYAN WEST HOSPITAL, DR. NISSAN, DR. SADDIKIE, LINCOLN CRISIS CENTER, AMY BOLLAN, ex PO; JUDGE PAUL MERITJR., LINCOLN REGIONAL CENTER, DHHS Gov. Agency; BOWER FAMILY, Owner of "Me too"; and CITY OF LINCOLN,<br><br>                    Defendants. |

This matter is before the court on Plaintiff's Notice of Appeal (Filing 137) and Motion for Leave to Proceed in Forma Pauperis on Appeal (Filing 136).

The Prison Litigation Reform Act ("PLRA") requires prisoner plaintiffs to pay the full amount of the court's $505.00 appellate filing fee by making monthly payments to the court, even if the prisoner is proceeding in forma pauperis. 28 U.S.C. § 1915(b). The PLRA "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 952 (D. Neb. 2001) (citing *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). The appellate filing fee is assessed when the district court receives the prisoner's notice of appeal. *Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the

complaint. Plaintiff's account balance is $0.00, and the court cannot assess an initial partial filing fee. However, as set forth in 28 U.S.C. § 1915(b)(4), "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil . . . judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." When the prisoner is unable to pay the initial partial filing fee due to a lack of funds, the requirement that the initial partial filing fee will be paid at the outset of the case is suspended. *See Jackson,* 173 F. Supp. 2d at 957 n. 9. Instead, "the whole of the . . . filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)." *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). This matter will therefore proceed without payment of the initial partial filing fee as set forth below.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis on Appeal (Filing 136) is granted. The filing fee shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the full filing fee of $505.00 is paid, the prisoner shall be obligated to pay, and the agency having custody of the prisoner shall forward to the clerk of the court, 20 percent of the preceding month's income in such months as the account exceeds $10.00.

2. The clerk of the court shall serve a copy of this order on the appropriate financial officer for Plaintiff's current institution.

Dated this 29th day of June, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge