IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LINCOLN,<br><br>Defendant. | 4:20CV3118<br><br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff has filed three motions to re-open this case (Filings 148, 149, 150). The motions will be denied.

Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence. *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b)(6) permits reopening when the movant shows "any ... reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rules 60(b)(1)-(5). *Id.*, at 529. Relief under Rule 60 (b)(6) is available only in extraordinary circumstances. *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017).

Plaintiff indicates the motions to re-open are based on "new additional information" (Filing 148) and he asks the court to consider "discrimination against my race, and autism" (Filing 149). To the extent Plaintiff is claiming he has "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," Fed. R. Civ. P. 60(b)(2), his motions are untimely. A motion for relief from judgment under Rule 60(b)(2) must be made no more than a year after entry of the judgment. *See* Fed. R. Civ. P. 60(c)(1). The judgment dismissing this case without prejudice (Filing 113) was entered on May 24, 2021, and the motions to re-open were not filed until June 11, 2022, at the earliest (giving Plaintiff the benefit of the prison mailbox rule). This one-year limitations period also applies to motions to re-open which are based on "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(1), or on "fraud …,

misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3). *See* Fed. R. Civ. P. 60(c)(1). The one-year limitations period is not tolled during the pendency of an appeal. *See, e.g., Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989) (compiling cases). Plaintiff has not demonstrated there are extraordinary circumstances for granting relief under Rule 60(b)(6). And in any event, a post-judgment motion for leave to assert an entirely new claim is untimely. *U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 825 (8th Cir. 2009).

IT IS THEREFORE ORDERED that Plaintiff's motions to re-open case (Filings 148, 149, 150) are denied.

Dated this 29th day of June, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge