IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AUSTIN EDWARD LIGHTFEATHER,

Plaintiff,

vs.

CITY OF LINCOLN,

Defendant.

**4:20CV3118**

**MEMORANDUM AND ORDER**

This matter is before the court on the Eighth Circuit Court of Appeals' judgment requiring collection from Plaintiff of the full $505.00 appellate and docketing fees related to his appeal, No. 22-2570. (Filing 169.) The Court of Appeals' mandate was entered October 28, 2022. (Filing 171.)

The Prison Litigation Reform Act ("PLRA") requires prisoner plaintiffs to pay the full amount of the court's $505.00 appellate filing fee by making monthly payments to the court, even if the prisoner is proceeding in forma pauperis. 28 U.S.C. § 1915(b). The PLRA "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 952 (D. Neb. 2001) (citing *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). The appellate filing fee is assessed when the district court receives the prisoner's notice of appeal. *Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the notice of appeal. Plaintiff's account balance is $0.00, and the court cannot assess an initial partial filing fee. (*See* Filing 7, Case No. 8:22CV250.) However, as set forth in 28 U.S.C. § 1915(b)(4), "[i]n no event shall a prisoner be

prohibited from bringing a civil action or appealing a civil . . . judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." When the prisoner is unable to pay the initial partial filing fee due to a lack of funds, the requirement that the initial partial filing fee will be paid at the outset of the case is suspended. *See Jackson,* 173 F. Supp. 2d at 957 n. 9. Instead, "the whole of the . . . filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)." *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). Therefore, the full filing fee will be collected pursuant to § 1915(b)(2) as set forth below.

IT IS THEREFORE ORDERED that:

1.     The appellate filing fee for Plaintiff's appeal No. 22-2570 is assessed against Plaintiff. (*See* Filing 169.) The filing fee shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the full filing fee of $505.00 is paid, the prisoner shall be obligated to pay, and the agency having custody of the prisoner shall forward to the clerk of the court, 20 percent of the preceding month's income in such months as the account exceeds $10.00.

2.     The clerk of the court is directed to send a copy of this order to Plaintiff at the Nebraska Department of Corrections – Lincoln, P.O Box 22800, Lincoln, NE 68542-2800, and update his address in this case accordingly.[1]

3.     The clerk of the court shall serve a copy of this order on the appropriate financial officer for Plaintiff's current institution.

---

[1] Lightfeather has recently filed another case in which he indicates he has been placed at the Nebraska Department of Correctional Services' Diagnostic and Evaluation Center, though he remains a pretrial detainee in the custody of Lancaster County. (*See* Filing 1 at CM/ECF pp. 3, 8, Case No. 8:22CV360.)

2

Dated this 2nd day of November, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge